UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREY DIRECT, INC. | ) |
| | ) |
| Plaintiff, | ) Case No. 04 C 5790 |
| | ) |
| v. | ) |
| | ) |
| ERIE INSURANCE COMPANY, a | ) |
| Pennsylvania Business Corporation, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

In its Complaint based on diversity jurisdiction, Plaintiff Grey Direct, Inc. ("Grey") alleges that Defendant Erie Insurance Company ("Erie") breached its duty to defend and duty to indemnify under an insurance contract. Before the Court is Erie's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). In the alternative, Erie moves the Court to stay this federal action while Erie's declaratory judgment claim in the Circuit Court of Cook County is pending. For the following reasons, the Court denies Erie's motions.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

For purposes of this motion to dismiss, the Court assumes the truth of the facts alleged in the Complaint, construes the allegations liberally, and views them in the light most favorable to Grey. *Jet, Inc. v. Shell Oil Co.*, 381 F.3d 627, 629 (7th Cir. 2004).

In two matters separate from the present proceeding, Grey filed claims for breach of contract and sought damages against Unicomm and Unicomm's affiliate CommDirect, Inc. based on agreements to perform certain printing services. (R.1-1, Compl. ¶ 14.) Erie or one of its

subsidiaries issued one or more liability insurance policies to Unicomm Direct, Inc. (*Id.* ¶ 6.) By a letter dated January 2, 2004, Unicomm informed Erie of Grey's breach of contract claims and requested that Erie defend Unicomm under the insurance policy at issue. (*Id.* ¶ 16.) Erie refused to defend against the claim. (*Id.* ¶ 17.) On June 22, 2004, Judge Der-Yeghiayan of the United States District Court for the Northern District of Illinois entered a default judgment against Unicomm in the amount of $967,720, plus court costs and attorney's fees. (*Id.* ¶ 21.) Erie declined coverage for the default judgment. (*Id.* ¶ 23.)

On August 2, 2004, Judge Der-Yeghiayan issued a garnishment summons against Erie. (Case No. 04 C 3328, R.6-1.) On August 26, 2004, Judge Der-Yeghiayan entered an "Agreed Order for the Turnover Rights to Insurance Policy," which assigned Unicomm's rights to Grey. (R. 1-1, Compl. ¶ 12.) On August 26, 2004, Judge Der-Yeghiayan also granted Erie's oral request for a ten-day extension to respond to the garnishment summons. (Case No. 04 C 3328, R.9-1.) Before Erie's ten-day extension expired, Grey filed the Complaint in this case on September 2, 2004. Five days later – on September 7, 2004 – Erie filed a declaratory judgment action in the Circuit Court of Cook County seeking a declaration of non-liability under the insurance contract at issue. (R.8-1, Motion to Dismiss, Ex. 1.) On that same day, Erie filed its answer and responses to the garnishment summons in the case in front of Judge Der-Yeghiayan. (Case No. 04 C 3328, R.12-1.)

Erie now seeks to dismiss this case. In its motion to dismiss, Erie contends that the Court should dismiss or stay Grey's Complaint due to Erie's declaratory judgment action pending in the Circuit Court of Cook County.

## II. MOTION TO DISMISS STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## III. ANALYSIS

### A. Anti-Injunction Act

Erie first argues that the Anti-Injunction Act (the "Act"), 28 U.S.C. § 2283, bars the Court from enjoining Erie's state court declaratory judgment action. Section 2283 states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Under the Act, federal courts are prohibited from enjoining state court proceedings unless the injunction falls within one of the specifically defined exceptions. *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs.*, 398 U.S. 281, 286-87, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).

Here, Grey is not seeking to enjoin the pending state court proceeding. Nonetheless, Erie argues "that the Anti-Injunction Act should also bar the issuance of a declaratory judgment that would have the same effect as an injunction." In other words, Erie contends that the Anti-

3

Injunction Act bars the Court from deciding Grey's breach of contract claims because Grey is actually seeking a declaration of its rights under the Declaratory Judgment Act, 28 U.S.C. § 2201. According to Erie, if the Court rules on Grey's claims, it will in essence enjoin the state court from proceeding on Erie's declaratory judgment action.

Erie does not support this convoluted claim with additional argument or legal authority. Erie does not tell the Court how or why the present action is really a request for a declaration of rights, especially in light of the fact that Judge Der-Yeghiayan already entered a judgment against Erie in the underlying matter.[1] Instead, Erie is asking the Court to take several inferential leaps and conclude that the Anti-Injunction Act bars the Court from ruling on this breach of contract claim. The Court, however, refuses to make such inferences at this procedural posture because the Court is required to accept Grey's factual allegations as true and draw all reasonable inferences in Grey's favor. *See Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 917 (7th Cir. 2004).

In any event, without a developed argument based on legal authority, the Court would be hard-pressed to grant Erie's motion to dismiss or stay based on the Anti-Injunction Act. Therefore, Erie's first argument fails.

### B. Abstention Doctrine

Next, Erie requests that the Court abstain from exercising jurisdiction over Grey's claims. In general, a similar action in state court does not bar a federal proceeding concerning the same

---

[1] Erie also argues that Grey has conceded that the federal action is parallel to the state action, and thus Grey is actually seeking a declaration of its rights in its breach of contract Complaint. The Court need not decide whether Grey has, in fact, conceded that the actions are parallel because Erie raises this argument for the first time in its reply brief, and thus the argument is waived. *See Pugel v. Board of Trs. of Univ. of Ill.*, 378 F.3d 659, 669 (7th Cir. 2004).

matter if the federal court has subject matter jurisdiction. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)(citing *McClellan v. Carland*, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762 (1910)). Under the *Colorado River* abstention doctrine, a federal court may abstain from exercising jurisdiction under exceptional circumstances if there is a concurrent state proceeding and the stay promotes "wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 818; *see also Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004). The Seventh Circuit recognizes a general presumption against abstention under the *Colorado River* doctrine. *AXA Corp. Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 278 (7th Cir. 2003).

Here, Erie does not rely on the *Colorado River* abstention doctrine, but instead, requests the Court to abstain from exercising jurisdiction over Grey's claims pursuant to *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). In *Wilton*, the Supreme Court held that a federal district court's decision to stay a declaratory judgment action is discretionary when the same parties are litigating a parallel state court action. *Id.* at 290.

Again, Erie's argument turns on whether Grey's claim is pursuant to the Declaratory Judgment Act. As discussed above, Erie has not persuaded the Court that the present breach of contract action is, in essence, a declaratory judgment action. Accordingly, *Wilton* does not support Erie's claim that the present federal action should be dismissed or stayed during the pending state law matter.

### C. More Comprehensive Action

Finally, Erie argues that the state court declaratory action is more comprehensive than the

federal action because Grey did not join the policyholder, Unicomm, inthe present action. Whether the state court proceeding is more comprehensive than the federal action is one of the many factors courts consider under the *Colorado River* abstention doctrine. *See AXA Corp. Solutions*, 347 F.3d at 278. Erie, however, "has made no effort to fit this case to that mold." *Nader v. Keith*, 385 F.3d 729, 732 (7th Cir. 2004). Because Erie has failed to argue that the *Colorado River* abstention doctrine applies under the circumstances, the Court concludes that Erie's "comprehensive" argument, standing alone, does not justify Erie's motion to dismiss or stay Grey's Complaint.

## CONCLUSION

For these reasons, the Court denies Defendant's Motion to Dismiss or Stay pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: January 25, 2005

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Judge**